■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL PEREZ, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Krausman, J.),

dated April 28, 1983, which granted defendant's motion to suppress physical evidence on the ground that it was seized by means of an illegal search.

Order affirmed.

On November 25, 1982, at approximately 11:20 A.M., Officer James Stukonis was directed to proceed to the corner of Wilson and Bedford Avenues, in the County of Kings. When he arrived at that destination, he met two unidentified men holding a set of keys to a Mercedes-Benz automobile, which was legally parked on the street. The officer was informed that the keys were found in the trunk lock of the car.

Officer Stukonis took the keys and, in order to ascertain the identity of the owner of the vehicle, unlocked the door, and, with a separate key, unlocked the glove compartment. Upon opening the glove compartment, he discovered a gun.

"[W]hether or not a particular search or seizure is to be considered reasonable requires a weighing of the government's interest against the encroachment involved with respect to an individual's right to privacy" (see *People v De Bour,* 40 NY2d 210, 215; *People v Cantor,* 36 NY2d 106, 111).

After carefully considering the record, we find that the level of intrusion was unjustified in light of the facts that the car was legally parked and there were no signs of criminality. There were less intrusive means by which the owner could have been identified. Accordingly, we hold that the gun was properly suppressed. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.